IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| ALANA LIPKIN, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>   v.<br><br>INFINITUM MEDIA LLC, MALIK OMER, and BASSAL MALIK<br><br>              Defendants | Civil Action No.: 1:25-cv-11950 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO MALIK OMER'S MOTION TO STRIKE**

## INTRODUCTION

Plaintiff Alana Lipkin ("Plaintiff") submits the following memorandum of points authorities in opposition to Malik Omer's Motion to Strike Proposed Individual Defendants (ECF No. 21). Plaintiff primarily opposes Mr. Omer's request because (1) Mr. Omer's appearance is in violation of Local Rule 85.5.5(e); (2) the Motion to Strike is improper; and (3) Plaintiff may bring a claim against Mr. Omer and Mr. Malik for their individual violation of the Telephone Consumer Protection Act ("TCPA"), 7 U.S.C. § 227 *et seq.* Accordingly, for the reasons set forth below, the Court should deny Mr. Omer's Motion to Strike should be denied.

## BACKGROUND

On July 9, 2025, Plaintiff filed her putative class action complaint. (ECF No. 1). Defendant Infinitum Media LLC was served with the complaint on July 14, 2025 (ECF No. 4) and its response was due on August 4, 2025. On August 4, 2025, Malik Omer, President of Infinitum Media LLC, reached out to counsel for Plaintiff stating that he "saw a notice of lawsuit . . . to [his] company Infinitum Media LLC." Scott Decl. Ex. 1. That same day, Plaintiff's counsel agreed to a 30-day extension of time on Defendant's deadline to respond to the Complaint to allow Defendant to retain counsel and investigate the claims and defenses in this matter. (ECF No. 5). Defendant's deadline to respond to the Complaint was September 3, 2025. Defendant defaulted and did not respond to the Complaint.

On September 4, 2025, Plaintiff filed her Request for Entry of Default (ECF No. 7) and served Defendant with the same. On September 24, 2025, the Clerk entered default as to Infinitum Media LLC (ECF No. 8) and the Court entered its Standing Order on motions for default judgment (ECF No. 9), setting Plaintiff's deadline to move for default judgment on October 24, 2025.

On September 24, 2025, after service of the Notice of Entry of Default, Malik Omer disclaimed ownership of the company and notified Plaintiff's Counsel that the "owners have gone

1

bankrupt" and "thus business was closed." Scott Decl., Ex. 2. Mr. Omer attached a certificate of dissolution indicating that Defendant had filed for corporate dissolution on September 19, 2025, just 15 days after Plaintiff requested entry of Default. *Id.*, Ex. 3. Infinitum's principals or "owners", include Mr. Omer and Bassal Malik. *Id.* Ex. 4. Upon investigation of counsel, as of October 24, 2025, there were no pending bankruptcy dockets involving Infinitum Media LLC, Mr. Omer, or Mr. Malik. *Id.*, Ex. 5; Ex. 6; Ex. 7.

On October 17, 2025, Plaintiff filed her Motion for Leave to Amend the Complaint (ECF. No. 15) seeking to add Mr. Omer and Mr. Malik as parties in this litigation. Pursuant to Local Rule 15.1(b), Plaintiff gave Mr. Omer and Mr. Malik notice of her intent to file a Motion to Amend and add them as new parties by U.S. and electronic mail on October 3, 2025. Scott Decl. at ¶ 9. Plaintiff's Motion for Leave to Amend was granted on November 5, 2025. (ECF No. 26). Plaintiff filed her FAC that same day. (ECF No. 27).

On October 25, 2025, Mr. Omer, appearing *pro se* and on behalf of Infinitum Media, LLC, served a Motion to Strike Proposed Individual Defendants. Motion to Strike ("MTS") (ECF No. 21). Mr. Omer's motion predated filing of the FAC.

## ARGUMENT

### I.   MR. OMER'S MOTION TO STRIKE SHOULD BE DENIED

#### A.   Legal Standard

Under Rule 12(f), a party may move to strike "from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) is "designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." *Dennison v. LaPointe*, 2006 WL 3827516, at *1 (D. Mass. Dec. 29, 2006) (internal quotations omitted). "That discretionary power should nonetheless be exercised cautiously." *Id.* "Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant

simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." *Id.*; *see also Boreri v. Fiat S.P.A.,* 763 F.2d 17, 23 (1st Cir. 1985) ("[S]uch motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion.").

### B.  Mr. Omer Cannot Appear On Infinitum Media LLC's Behalf

To the extent Mr. Omer brings the Motion "on behalf of Infinitum Media LLC," he cannot do so. MTS at 1. Local Rule 83.5.5(c) prohibits limited liability companies from appearing *pro se*. Second, "an individual officer, director, partner, [or] member . . . may not appear on behalf of an entity." L.R. 83.5.5(c). As admitted in the motion, Mr. Omer is a principal of Infinitum. MTS at 1 ("Defendant's principal Malik Omer . . ."); *see also* Scott Decl., Ex. 4. As such, he cannot appear on Infinitum's behalf. *See Sues v. Quashie*, 2025 WL 2379673, at *1 (D. Mass. Aug. 15, 2025) ("Although Sues brings the complaint individually, she describes herself as the owner of the Doober brand and Flipt Industries LLC. Absent proof that Sues is a licensed attorney admitted to practice before this Court, she **may not** represent these entities . . .") (emphasis added). Accordingly, the Court should deny the motion to the extent it is brought on Infinitum's behalf.

### C.  The Motion To Strike Is Improper

As an initial matter, at the time of filing, Mr. Omer was not a party to the litigation and thus his motion was moot. At that time, Plaintiff's Motion for Leave to Amend to add new parties (ECF No. 15) was pending before the Court. The only named defendant was Infinitum Media, LLC. *See* Complaint (ECF No. 1) ("Compl."). Although Plaintiff has since filed her amended complaint with leave of court, Mr. Omer's Motion to Strike was improper at the time of filing, because it sought to strike individuals who were not named parties in the litigation. Plaintiff is in the process of serving the FAC on the individual defendants and Mr. Omer may

challenge the pleadings in the ordinary course and assert his defenses and objections at that time. Given that the Motion to Strike was premature, it should be denied.

>    D.    The Motion To Strike Is Groundless

Mr. Omer contends the Court should "strike any reference or inclusion of proposed individual defendants – including Malik Omer or Bassal Malik[1]" because (1) there is "[n]o factual basis for individual liability"; (2) LLC members "are not personally liable for obligations of the company by reasons of their positions"; (3) addition of Mr. Omer or Mr. Malik would "prejudice those individuals, who were not properly served and had no notice or opportunity to defend[.]" MTS at 1-2. Each of these arguments fails.

First, in the FAC, Plaintiff alleges her TCPA claims against Mr. Omer and Mr. Malik individually. *See* ECF 27 ("FAC"). There has been a "longstanding consensus among district courts" throughout the country that corporate officers may be held personally liable for violations of the TCPA. *See City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 160 (3d Cir. 2018). Generally, those courts, have held that the officer may be personally liable if they "had direct, personal participation in or personally authorized the conduct found to have violated the" TCPA. *See Bais Yaakov of Spring Valley v. Graduation Source, LLC*, 2016 WL 1271693, at *6 (S.D.N.Y. Mar. 29, 2016); *Hoffman v. Logan*, 18 Wash. App. 2d 1035 (2021) ("Logan's argument ignores that '[i]ndividuals who directly . . . violate the TCPA should not escape liability solely because they are corporate officers' and a corporate officer is deemed to have 'made' a call, and thus liable under the TCPA, if the officer 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.*' His argument also ignores that Washington courts extend personal liability to corporate officers*

---

[1] There has been no appearance made on Mr. Malik's behalf at this time.

4

***who supervised, directed, or approved wrongful business conduct.***") (emphasis added); *Rinky Dink, Inc. v. Elec. Merch. Sys., Inc.*, 2014 WL 12103245, at *6 (W.D. Wash. Nov. 4, 2014) ("A corporate officer is deemed to have 'made' a call, and is therefore liable under the TCPA, under two circumstances. First, liability is appropriate if 'he [or she] had direct, personal participation in or personally authorized the conduct found to have violated the statute" and "[s]econd, liability may be appropriate by virtue of an agency relationship between the seller and the third-party telemarketer that actually transmitted ('made') the calls").

      The FAC alleges as much. Plaintiff alleges that Mr. Omer and Mr. Malik are members of Infinitum Media LLC and that they approved, authorized, and participated in (a) designing and directing the telemarketing at issue; (b) directing and supervising employees or third parties to make the telemarketing calls; (c) determining the number and frequency of telemarketing calls; and (d) approving and paying the employees or third parties to make the telemarketing calls. *See* FAC at ¶¶ 5-6. Mr. Omer specialized in providing voice and communication solutions for Infinitum through Cisco Voice and Avaya. *Id.* ¶ 5. Mr. Malik was responsible for the development of sales and customer acquisition and development of lead generation. *Id.* ¶ 6. Mr. Malik was additionally responsible for hiring the outbound callers who made the illegal telemarketing calls. *Id.* Further, Plaintiff alleges that Mr. Omer and Mr. Malik "directed and oversaw the telemarketing activity in progress, including selecting employees and any third-party affiliate to make the telemarketing calls, exercised control over those affiliates, and any other employees who made the telephone calls." *Id.* ¶ 20. These allegations are more than sufficient to plausibly state a TCPA claim against Mr. Omer and Mr. Malik.

      Second, Washington law is clear that "[a] member or manager of a limited liability company is personally liable for such person's own torts." RCW 25.14.126. As set forth above, Plaintiff alleges that Mr. Omer and Mr. Malik are *individually* liable for violation of the TCPA.

*Supra*. Accordingly, the fact that Infinitum Media is a limited liability corporation is no barrier to Mr. Omer and Mr. Malik's addition as defendants.

Moreover, under Washington law, "[m]embers of a limited liability company are personally liable for any act, debt, obligation, or liability of the limited liability company to the extent that shareholders of a Washington business corporation would be liable in analogous circumstances. In this regard, the court may consider the factors and policies set forth in established case law with regard to piercing the corporate veil[.]" RCW § 25.15.061. In Washington, "a court may pierce the veil of an LLC and hold a member personally liable if respecting the LLC form would work injustice, in the same way that an individual may be personally liable under the theory of piercing the corporate veil." *Shinstine/Assoc. LLC v. S.-N-Erectors, LLC*, 157 Wash. App. 1047 (2010).

"[T]o pierce the corporate veil the plaintiff must show that (1) the corporate form was used to violate or evade a duty and (2) the corporate veil must be disregarded in order to prevent loss to an innocent party." *Id.* With regard to the first element, the court must find an abuse of the corporate form . . . such abuse typically involves 'fraud, misrepresentation, or some form of manipulation of the corporation to the stockholder's benefit and creditor's detriment.'" *Meisel v. M & N Mod. Hydraulic Press Co.*, 97 Wash. 2d 403, 410 (1982). As to the second element, "wrongful corporate activities must actually harm the party seeking relief so that disregard is necessary" *Id.*

Here, it is plain that Infinitum Media, LLC was dissolved to intentionally evade liability under the TCPA. Indeed, the factual record shows that Infinitum Media, through Mr. Omer, has engaged in repeated bad faith tactics to avoid this litigation. On August 4, 2025, Mr. Omer, reached out to counsel for Plaintiff stating that he "saw a notice of lawsuit . . . to [his] company Infinitum Media LLC." Scott Decl. Ex. 1. On September 4, 2025, Plaintiff filed her Request for Entry of

6

Default (ECF No. 7) and served Infinitum Media with the same. On September 24, 2025, after service of the Notice of Entry of Default, Mr. Omer fraudulently disclaimed ownership of the company and notified Plaintiff's Counsel that the "owners have gone bankrupt" and "thus business was closed." Scott Decl., Ex. 2. Mr. Omer attached a certificate of dissolution indicating that Defendant had filed for corporate dissolution on September 19, 2025, just 15 days after Plaintiff requested entry of Default. *Id.*, Ex. 3. Moreover, contrary to Mr. Omer's representations there are **no** pending bankruptcy dockets involving Infinitum Media LLC, Mr. Omer, or Mr. Malik as of October 24, 2025. *Id.*, Ex.5; Ex. 6; Ex. 7. Mr. Omer's misrepresentation regarding his role in Infinitum Media is only emphasized by his admission that he is Infinitum Media's principal. MTS at 1 ("Defendant's principal Malik Omer, appearing pro se and specially on behalf of Infinitum Media LLC . . .") Further, Infinitum Media has continued to operate in the United States. In October 2025, Infinitum Media was searching for employees in the United States. *See* Scott Decl., Ex. 8 (Printout of Infinitum Media's Linkedin Profile). Similarly, Infinitum Media's social media makes it clear that Infinitum Media is expanding its operations, and not winding down as would be expected following dissolution. *See e.g. id.*, Ex. 9 (Printout of Infinitum Media's Facebook Profile).

    Moreover, the deception and dissolution of Infinitum Media harms Plaintiff and class members. It is plain from the record that the purpose of dissolution was to avoid the instant litigation and render it difficult (or impossible) for Plaintiff to recover from Infinitum. If there were a good faith basis for these actions, Infinitum Media should have filed for bankruptcy (it has not); appeared in the litigation to defend the case (it defaulted); or wound down its operations (it is not). As such, it is clear that Infinitum Media's corporate structure has been abused explicitly to harm Plaintiff and the class and render them without a remedy for Infinitum Media's (and Mr. Omer and Mr. Malik's) violation of the TCPA.

Third, there is no prejudice to Mr. Omer and Mr. Malik here. Plaintiff's Motion for Leave to Amend was granted on November 5, 2025. (ECF No. 26). Plaintiff filed the FAC the same day (ECF No. 27) and is waiting for the issuance of the summons for Mr. Omer and Malik. Once Plaintiff receives the summons, she will be required to effectuate service under Fed. R. Civ. P. 4. Mr. Omer and Mr. Malik will have notice and the opportunity to defend against the case.

## CONCLUSION

For the foregoing reasons, the Court should deny Mr. Omer's Motion to Strike.

Dated: November 6, 2025          Respectfully submitted,

*/s/ Brittany S. Scott*

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (*pro hac vice forthcoming*)
Brittany S. Scott (*pro hac vice*)
28 Geary Street, Ste. 650 #1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail: yeremey@skclassactions.com
         brittany@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (BBO 712418)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail: joel@skclassactions.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2025, a true and correct copy of the foregoing document was served via electronic mail and U.S. Mail as follows:

Infinitum Media LLC
c/o Malik Omer
malik.omer@outlook.com
522 W Riverside Ave., Ste 101
Spokane, WA 99201

Malik Omer
malik.omer@outlook.com
327 Eden Lane Villas 2, Pine Avenue Road
Lahore 5400, Pakistan

Bassal Malik
bassal@theinfinummedia.com
8510 10th Ave W
APT B311
Everette, WA 98204

					*/s/ Brittany S. Scott*