UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALANA LIPKIN,

    *Plaintiff,*

v.

INFINITUM MEDIA LLC,
MALIK OMER, and
BASSAL MALIK,

    *Defendants.*

No. 25-cv-11950-PBS

### ORDER ON DEFENDANT'S MOTION TO STRIKE

LEVENSON, U.S.M.J.

#### INTRODUCTION

Before the Court is Defendant[1] Malik Omer's "Motion to Strike Proposed Individual Defendants" filed on October 27, 2025. Docket No. 21. Plaintiff filed her opposition to the motion. Docket No. 28. Judge Saris has referred the motion to me. Docket No. 31. For the following reasons, I will deny Defendant's motion.

---

[1] Defendant Malik Omer purports to file his motion *pro se* and on behalf of Infinitum Media LLC. Docket No. 21. Defendant subsequently filed a notice with the Court to clarify that he appears solely in his individual capacity, and "not as a corporate officer, managing member, or representative of Infinitum Media LLC." Docket No. 29. Under Local Rule 83.5.5, a limited liability company may not appear *pro se*, and an individual officer, director, partner, member, trustee, administrator, or executor may not appear on behalf of such an entity. *Id.* at 83.5.5(c). Accordingly, I do not treat this motion as one filed on behalf of Infinitum Media LLC. Further, an "individual appearing pro se may not represent any other party." *Id.* at 83.5.5(b). Although Defendant Malik Omer does not assert that he represents the other individual, Bassal Malik, to the extent he seeks to represent and seek relief as to Bassal Malik, he may not do so.

I.     **Procedural Background**

Plaintiff filed her Complaint on July 9, 2025, against Infinitum Media LLC, under the Telephone Consumer Protection Act ("TCPA") for unsolicited telemarketing calls. Docket No 1. Defendant Infinitum Media LLC was served on July 14, 2025. Docket No. 4. Defendant Infinitum Media LLC failed to answer, even after the Court allowed additional time to do so. Docket Nos. 6–8. Accordingly, Plaintiff requested, and the Court entered, a default as to Defendant Infinitum Media LLC. *Id.*

On October 17, 2025, Plaintiff filed a motion to amend the Complaint to add Defendants Malik Omer and Bassal Malik, representing that Defendant Malik Omer had notified Plaintiff's counsel that the owners were bankrupt and that the business was dissolved on September 19, 2025. Docket Nos. 14, 15, 15-5. The motion and supporting memorandum were also served on Defendant Malik Omer. Docket Nos. 14–15.

Defendant Malik Omer filed his motion to strike on October 27, 2025, in anticipation of the Amended Complaint naming individual Defendants. Docket No. 21. On November 5, 2025, the Court allowed the motion to amend the Complaint. Docket No. 26. The same day, Plaintiff filed her Amended Complaint, which names individual Defendants in addition to Infinitum Media LLC. Docket No. 27. Specifically, the Amended Complaint alleges that the individual Defendants "approved, authorized, and participated in the telemarking scheme" (Docket No. 27 ¶¶ 5–6), and that they "directed and oversaw the telemarketing activity in progress, including selecting employees and any third-party affiliate to make the telemarketing calls, exercised control over those affiliates, and any other employees who made the telephone calls" (Docket No. 27 ¶ 20).

The named individual Defendants have not yet been served. Nor does the docket reflect waivers of service, and the individual Defendants have not answered the Amended Complaint.

## II.     Analysis

Federal Rules of Civil Procedure Rule 12(f) states:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

"Rule 12(f) 'is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint[.]'" *Bryan Corp. v. ChemWerth, Inc.*, 911 F. Supp. 2d 103, 105 n.1 (D. Mass. 2012) (quoting 5C Wright & Miller, *Federal Practice and Procedure:* Civil 3d § 1380 at 391 (2004)). Further, "such motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion." *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985).

In this case, there is no basis to strike the individual Defendants from the Amended Complaint based on Defendant's motion. The allegations against the individual Defendants do not fall under any of the categories provided for in Rule 12(f). *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010) (discussing Rule 12(f) factors). The claims against individual Defendants are not redundant of the claims brought against the entity. Nor are they immaterial or impertinent; on the contrary, they directly relate to Plaintiff's cause of action. Lastly, there is nothing scandalous about the claims.

Rather than point to any category of materials subject to striking under Rule 12(f), Defendant offers an argument against individual liability under the TCPA or Washington state law. Plaintiff, in turn, partly frames her response under the TCPA and/or state law. This discussion is misplaced. Rule 12(f) is not the proper vehicle for assessing the legal sufficiency of a claim or dismissing part of a complaint. *See Whittlestone, Inc.* at 974 (discussing differences between a motion to strike under Rule 12(f), and a 12(b)(6) motion or a Rule 56 motion, and

holding that Rule 12(f) does not authorize courts to strike claims for damages on the grounds that they are precluded as a matter of law); *Bryan Corp.*, 911 F. Supp. 2d at 105 n.1.

Lastly, there is no prejudice to Defendant Malik Omer in denying the motion. He asserts that the addition of individual Defendants is prejudicial because he had no notice nor opportunity to defend prior to the entry of default. Docket No. 21. There is, however, no default against Defendant Omer. *See* Docket No. 25 (order on Defendant Malik Omer's motion to set aside entry of default, "Denied on the ground there is no default against [Defendant Malik Omer]"). Further, the individual Defendants will have an opportunity to assert affirmative defenses in their responsive pleading and to raise substantive arguments under a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 12; *see U.S. S.E.C. v. Nothern*, 400 F. Supp. 2d 362, 364 (D. Mass. 2005) ("Thus, even when technically appropriate and well-founded, Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party." (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381, at 421–22 (3d ed.2004))).

### III.   Order

For the forgoing reasons, the motion is DENIED.[2]

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: November 25, 2025

---

[2] The parties are advised that under Federal Rule of Civil Procedure 72(a) or Federal Rule of Criminal Procedure 59(a), and under Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within 14 days of receiving this order, unless a different time is prescribed by the magistrate judge or a district judge. Such objections must specifically designate the order, or part thereof, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).